# CASES

### ARGUED AND DETERMINED

##### IN THE

# SUPREME JUDICIAL COURT,

##### IN THE

### COUNTY OF BERKSHIRE, SEPTEMBER TERM, 1804
### AT LENOX.

---

### THOMAS GOLD, Plaintiff in Review, *versus* JOSHUA EDDY, Administrator.

In an action by the endorser against the promisor of a promissory note nego‑ tiated subsequent to the day of payment, the defendant may go into such evidence as he would have been entitled to had the action been brought by the original promisee. The deposition of a person used in a former trial is competent evidence in a *review*, though the deponent is a party to the suit, having become administrator of one of the original parties.

THE writ of review was originally prosecuted by *Gold* against the defendant's intestate, *Jonathan Fuller*, since deceased. His admin‑ istrator, at a former term of this Court, took upon himself the defence of the suit, according to the provision of the statute of 1788, *c.* 47, § 3. In the original action the plaintiff declared against *Fuller* on a promissory note made by him, bearing date *April* 4, 1799, and by which he promised to pay to one *Caleb Grosvenor*, or order, £100 on or before the last day of October, then next, and averred an endorsement by *Grosvenor* to the plaintiff on the day of the date of the note. Upon the general issue there was a verdict for the defendant, and judgment accordingly ; to review which the present action was brought.

* The plaintiff gave in evidence the original note by [ * 2 ] *Fuller*, with the endorsement of *Grosvenor*, thereon, both agreeing with the declaration. It was admitted, however, by the plaintiff's counsel, that the endorsement was originally a blank

GOLD *vs.* EDDY, Administrator.

endorsement, and that it was filled up at the commencement of the action, so as to comport with the declaration.

The defence was, that after the note became due, and before the actual endorsement thereof, certain transactions had taken place between *Grosvenor* and *Fuller*, by which the note had been completely satisfied; that the original consideration of the note, which was a bargain for the sale of land, had, by their mutual agreement, been determined, and that the writings on both sides were to have been delivered up to be cancelled.

The plaintiff's counsel objected to this evidence—insisting that it was not admissible against the endorsee, who had no notice of the bargain in which the note originated, or of any subsequent agreement of *Grosvenor* and *Fuller* to vacate the note—that if such transactions had taken place, it was a matter to be adjusted between themselves, and ought not to affect an endorsee, who ordinarily has no way to know any thing respecting this kind of instruments but by what appears on the instrument itself; and he cited the case of *Dwight* vs. *Wilcox*, decided in this Court, *Sept. Term, Berkshire,* 1800. (*a*)

On this question the Court (*Strong, Sewall,* and *Thatcher,* justices) ruled unanimously that the defence stated might be competent in this case, if it should appear that the *actual* endorsement had been made at a period so long after the time set for the payment of the note as to place it in the [ * 3 ] situation * of a discredited note. And in this determination the Court recognized as entirely satisfactory to them the decisions of Mr. *Justice Buller*, cited in *Brown* vs. *Davis*, 3 *Term Rep.* 81, and his reasoning and opinions in the case there reported. (*b*)

Among other evidence, offered for the defendant, was the deposition of *Eddy*, the *now* defendant in review, which appeared in the copies of the case, and had been used in the former trial.

The plaintiff's counsel objected that the deponent, though disinterested when he gave the deposition, had *now* become interested, being the very party defendant, and liable to the costs; and further, that he is a creditor of the estate of *Fuller*, having taken his admistration in that character; and as he could not, if present, be examined as a witness, the Court ought to reject his deposition —cited *Bull. ni. pri.* 240, which cites 1 *Salk.* 286.

For the defendant was urged, the right which had accrued to this

(*a*) In the case of *Dwight* vs. *Wilcox*, the note had been negotiated to *Dwight* several months before it fell due—*that* case, therefore, could not be considered as governing the present.

(*b*) Vide post, 10, vol. 51, *Clark* vs. *Leach*, *acc.*

GOLD *vs.* EDDY, Administrator.

testimony, as having been used in the former trial, and was *then* not liable to any objection. And it was compared to the case of a subscribing witness to a deed or writing, who afterwards becomes interested : although he cannot be sworn as a witness, yet the benefit of his attestation is allowed, as the right of the party, by proving his hand-writing.

The Court, after some hesitation, and principally upon the necessity arising under the *Statute of Reviews*, admitted the deposition. They said that otherwise the mischief of *reviews*, already considerable and alarming, would be further extended. The statute of 1786, *c.* 66, § 1, provides *that the party bringing such action shall produce in Court attested copies of the writ, judgment, and all papers used and filed in the former trial, and each party shall have the liberty to offer any further * evidence*—implying [ * 4 ] that each party is entitled to the evidence before used.

This has been the construction in practice, excepting only where the testimony before used appears liable to any legal objection, upon which it ought to *have been* rejected ; or may be objected to at the trial of the *review*, on the ground that the testimony before offered may be obtained from the same source in a better or more authentic form. As, where a deposition having been read in the former trial, the deponent shall himself be present in Court at the trial of the *review*. The statute therefore gives each party a right to the testimony before used, subject only to these restrictions. In this case, the deposition was not liable to any objection at the former trial ; the party cannot now exhibit the testimony of the same witness in any form more authentic; if present, he could not now be examined, because he would now speak under the bias and influence of that interest in the suit which has been urged as sufficient to render his testimony altogether incompetent. It is obvious that when the testimony, *now* offered, was given, no such interest, and therefore no influence therefrom, could exist. If the deponent were dead his deposition might be used ; his disability to testify ought to have the same effect.

The jury found a verdict for the defendant.

In this case, the Court directed the *clerk* to tax no costs for travel nor for attendance at the term of the Court holden next after the death of *Fuller,* the administrator not having *then* come in to defend the suit.

*Sedgwick,* J., having formerly been of counsel in the case, declined taking any part in the trial.

*Bidwell* for the plaintiff. *J. C. Williams* for the defendant.

See 1 *P. W. Rep.* 289.—2 *Vez.* 42.—3 *Term Rep.* 27.